UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NISSAN MOTOR ACCEPTANCE CORP.,

                Plaintiff,

v.                                                     7:09-CV-0196
                                                      (GTS/GJD)

DEALMAKER NISSAN, LLC; DEALMAKER
AUTO GROUP, LLC; MARK PICARAZZI; and
PHILIP J. SIMAO,

                Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

GOLDBERG SEGALLA LLP                          RICHARD A. BRADEN, ESQ.
  Counsel for Plaintiff                                          KENNETH M. ALWEIS, ESQ.
665 Main Street, Suite 400
Buffalo, NY 14203

SCOLARO SHULMAN COHEN                        CHAIM J. JAFFE, ESQ.
  FETTER & BURSTEIN, P.C.                        RICHARD E. SCRIMALE, ESQ.
  Counsel for Corporate Defendants
507 Plum Street, Suite 300
Syracuse, NY 13204

McMAHON KUBLICK & SMITH, P.C.               JAN S. KUBLICK, ESQ.
  Counsel for Defendant Simao
500 South Salina Street, Suite 816
Syracuse, NY 13202

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

      Currently before the Court in this breach-of-contract action is Plaintiff's motion for an

Order of Seizure pursuant to Fed. R. Civ. P. 64 and N.Y. C.P.L.R. § 7102, directing the United

States Marshal or Sheriff of St. Lawrence County, State of New York, or other county within the

State of New York where forty-one (41) particular Nissan or Ford motor vehicles may be found,

to seize those vehicles. (Dkt. No. 4.) Plaintiff's motion (as modified by its position during oral argument) also requests the issuance of an injunction preliminarily enjoining Defendants from removing the motor vehicles from Defendants' motor vehicle dealership in Potsdam, New York, before the Order of Seizure is executed. (Dkt. No. 6; *see also* Minutes from Oral Argument on March 5, 2009.)[1] Three of the four Defendants have appeared and opposed Plaintiff's motion. (Dkt. Nos. 9, 12, 13.) Oral argument was heard on March 5, 2009. Post-argument written submissions were permitted and filed. (Dkt. Nos. 14, 15.) For the reasons set forth below, the Court grants Plaintiff's motion for an Order of Seizure but denies Plaintiff's motion for a preliminary injunction.

I.      **MOTION FOR ORDER OF SEIZURE**

Rule 64 of the Federal Rules of Civil Procedure provides that, "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). Section 7102 of the New York Civil Practice Law and Rules provides the rules for the recovery of chattel under New York State law. N.Y. C.P.L.R. § 7102(a),(b) (McKinney 2009). In pertinent part, Section 7102 provides as follows:

---

[1] On February 24, 2009, the Court denied Plaintiff's previous motion for a Temporary Restraining Order requesting the same injunctive relief, based on a lack of showing of irreparable harm. (*See* Text Order filed Feb. 24, 2009.)

> The application for an order of seizure shall be supported by an affidavit which shall clearly identify the chattel to be seized and shall state: 1. that the plaintiff is entitled to possession by virtue of facts set forth; 2. that the chattel is wrongfully held by the defendant named; 3. whether an action to recover the chattel has been commenced, the defendants served, whether they are in default, and, if they have appeared, where papers may be served on them; 4. the value of each chattel or class of chattels claimed, or the aggregate value of all chattels claims; 5. . . . the place where the chattel is located and facts sufficient to establish probable cause to believe that the chattel is located at that place [if the plaintiff seeks the inclusion, in the order of seizure, of a provision authorizing the sheriff to break open, enter and search for the chattel]; [and] 6. that no defense to the claim is known to the plaintiff . . . .

N.Y. C.P.L.R. § 7102(c)(1)-(7) (McKinney 2009).

Here, Plaintiff's two affidavits in support of the motion clearly identify the chattel to be seized and state each of the facts listed above. (*See* Dkt. No. 5 [Affid. of Todd Voorhies with Exhibits]; Dkt. No. 14 [Supp. Affid. of Todd Voorhies].)  In addition, Plaintiff has agreed to post a bond in the amount of two million dollars ($2,000,000), which is more than twice the amount of the value of the forty-one (41) motor vehicles in question.  (Dkt. No. 4, Part 2.)

In opposition to Plaintiff's motion, Defendants generally argue that the "breach" of contract that Defendants were alleged to have committed on or about February 4 and 5, 2009, was inadvertent and was induced by Plaintiff, which (in so doing) violated the implied covenant of good faith and fair dealing in the parties' Wholesale Financing and Security Agreement ("Agreement").  (Dkt. Nos. 12.)  As a result, Defendants request that the forty-one (41) motor vehicles in question not be seized, and that Defendants be given a reasonable opportunity to cure their non-compliance with the Agreement.  (*Id*.)

In reply, Plaintiff argues that (1) there have been several significant and on-going breaches of the Agreement, not simply one in early February of 2009, and (2) Defendants have already been given the requisite notice and opportunity to cure those breaches. (*See* Minutes from Oral Argument on March 5, 2009; *see also* Dkt. No. 1; Dkt. No. 4, Part 1; Dkt. No. 5, Parts 1, 5; Dkt. No. 14.)

In what effectively is a sur-reply, Defendants (1) assert the affirmative defenses of, *inter alia*, unclean hands, waiver and estoppel, and (2) assert counterclaims of fraud and breach of the duty of good faith and fair dealing, arising from (a) various alleged misrepresentations by Plaintiffs, including representations during the three weeks prior to Defendants' sale of vehicles between February 5 and 9, 2009, and (b) the failure of Plaintiff to advise Defendant Simao of its ability to provide a working capital loan to the dealership in November of 2006. (Dkt. No. 15.)

After carefully considering the parties' arguments, and the record before the Court, the Court agrees with Plaintiff. Under New York law, Plaintiff has properly proceeded against Defendants. Furthermore, Defendants' proffered defenses are not sufficient to defeat Plaintiff's motion under the circumstances.[2] As a result, the motion for an Order of Seizure is granted.

---

[2] *See Colonial Ford, Inc. v. Ford Motor Co.*, 90-CV-1157, 1991 WL 5161, at *2 (W.D.N.Y. Jan. 8, 1991) (defense of right to "set-off or counterclaim arising from [unrelated] transactions" not sufficient to defeat motion for Order of Seizure); *cf. Barlow Lane Holdings Ltd. v. Applied Carbon Tech.*, 02-CV-0928, 2004 WL 1792456, at *4 (W.D.N.Y. Aug. 11, 2004) (defense of lack of ownership not sufficient to defeat motion for Order of Seizure), *adopted by* 2004 WL 2110733 (W.D.N.Y. Sept. 22, 2004); *Gen. Motors Acceptance Corp. v. Cabrera*, 459 N.Y.S.2d 665, 666 (N.Y.S. Sup. Ct., Westchester County, 1982) (defense of poor performance of vehicle not sufficient to defeat motion for Order of Seizure).

## II.     MOTION FOR PRELIMINARY INJUNCTION

The issuance of a preliminary injunction pursuant to Fed. R. Civ. P. 65 depends on the movant's demonstration of (1) irreparable harm and (2) either a likelihood of success on the merits, or a sufficiently serious question as to the merits of the case to make it a fair ground for litigation and a balance of hardships tipping decidedly in its favor.  *Tom Doherty Assoc., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 33 (2d Cir. 1995).

Here, the Court finds no irreparable harm, because Plaintiff has not adduced evidence that a monetary award will not provide adequate compensation if some or all of the motor vehicles in question are removed from Defendants' dealership before the Order of Seizure is executed.  As the Western District of New York concluded in analogous circumstances,

> Having found that Plaintiff is entitled to an order of seizure, the court is satisfied as to the likelihood of success on the merits.  Plaintiff cannot, however, show irreparable harm.  'Irreparable harm' is injury that is actual and imminent.  If a monetary award will provide adequate compensation for the injury suffered, a preliminary injunction should not issue. . . .  In the unlikely event that the Defendant is able to remove the . . . [chattel], a money judgment would compensate Plaintiff for its loss.

*Barlow Lane Holdings Ltd. v. Applied Carbon Tech.*, 02-CV-0928, 2004 WL 1792456, at *5 (W.D.N.Y. Aug. 11, 2004) [citation omitted], *adopted by* 2004 WL 2110733 (W.D.N.Y. Sept. 22, 2004).  As a result, the motion for a preliminary injunction is denied.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for an Order of Seizure (Dkt. No. 4) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 4) is **DENIED**.

**ORDERED** that Plaintiff's proposed bond (Dkt. No. 4, Part 2) is hereby **APPROVED** and **ADOPTED**, and that the Clerk's Office is directed to file a Court-endorsed copy of that bond.

The parties are advised that the Court will separately issue an Order of Seizure with an attached Schedule of the forty-one (41) Nissan and Ford vehicles to be seized.

Dated: March 11, 2009
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge